## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **PAMELA D. GILBERT,** )<br><br>    **Plaintiff,** )<br><br>**vs.** )<br><br>**ALABAMA DEPARTMENT OF**<br>**HUMAN RESOURCES, NANCY**<br>**BUCKNER AND CINDY L.**<br>**BRATCHER,** )<br><br>    **Defendants.** ) | Civil Action Number<br>**3:18-cv-01007-AKK** |

## MEMORANDUM OPINION AND ORDER

Pamela D. Gilbert, proceeding *pro se*, brings this action against her former employer, the Alabama Department of Human Resources ("DHR"); Nancy Buckner, the Commissioner of DHR; and Cindy L. Bratcher, the Director of the Lauderdale County Department of Human Resources, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"). Docs. 1, 11. This action is before the court on the defendants' motion to dismiss Gilbert's Amended Complaint. Doc. 13. The motion is fully briefed and ripe for review, *see* docs. 8, 12, 13, and is due to be granted in part.

# I.	STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. When evaluating a motion brought under Rule 12(b)(6), the court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, "[t]o survive a motion to dismiss, a complaint must . . . 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* In other words, the complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555. Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Additionally, because Gilbert is proceeding *pro se*, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

Gilbert, an African-American woman over the age of 40, worked for DHR from 1996 until her discharge in 2017. Doc. 11 at 2. During her employment, Gilbert "reported to management that she was working in a hostile work environment created by [] Bratcher and Jennifer Bolton Bittinger . . . ," her supervisors who were both Caucasian women. *Id.* Allegedly, Bratcher and Bittinger verbally degraded Gilbert to her Caucasian subordinates and provided those subordinates with training they denied Gilbert. *Id.* at 3. In addition, DHR moved Gilbert's desk to physically isolate her after she complained about the

---

[1] The court recites the facts as alleged in Gilbert's Amended Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

denial of training opportunities. *Id.* After Gilbert "asked for training, written guidelines and examples of work responsibilities," her supervisors told Gilbert that she should take leave under the Family Medical Leave Act ("FMLA") based on their perception that Gilbert had a mental disability or psychiatric disorder. *Id.* However, Gilbert could not find a doctor to approve her FMLA leave at that time because her doctor did not believe she had a mental illness. *Id.* at 3, 6. Ultimately, Gilbert "made only one request for FMLA in July 2017," which Bratcher denied even though she approved FMLA requests made by "younger, white females . . . for minor events." *Id.* at 7.[2]

Gilbert reported her supervisors "to the state HR EEOC . . . , but management failed to discuss" her concerns. *Id.* at 4. Instead, her supervisors set a due process hearing regarding her work performance, rescheduled the hearing several times over a period of months, and placed multiple notices on a conference room door regarding the hearing. *Id.* The supervisors retaliated against Gilbert "with write-ups, work assignments, delayed vacation requests, denied FMLA, and ultimately [the] adverse action of termination . . . ." *Id.* Moreover, the supervisors withdrew an offer to allow Gilbert to step down to a different position and department, and while Gilbert was on FMLA leave, discharged her less than two

_____

[2] DHR contends that Gilbert's FMLA requests contradict her allegation that she made only one request for FMLA in July 2017. Doc. 13 at 2. Indeed, documents Gilbert attached to her Complaint include two FMLA requests: an undated request signed by Dr. Eric Santiago and a request dated October 17, 2018 signed by Dr. Dwight Matthew. *See* doc. 1-3.

years before her retirement and replaced her with a younger, Caucasian woman. *Id.* at 4, 7-8.

## III.  ANALYSIS

Gilbert asserts claims for violations of Title VII and the ADEA in her Amended Complaint.  Briefly, Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), while the ADEA prohibits employers from discriminating on the basis of age, 29 U.S.C. § 623(a).  Title VII and the ADEA also prohibit employers from retaliating against an employee for engaging in activities protected by the acts.  42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). The defendants have moved to dismiss all claims, arguing that Gilbert has failed to plead viable claims.

### A.  <u>Claims Against the Individual Defendants</u>

The defendants argue correctly that Gilbert may not pursue claims against Buckner and Bratcher indidvidually.  Indeed, the  relief provided under Title VII and the ADEA is against the *employer* rather than co-workers or supervisors in their individual capacity.  *See* 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a); *Smith v. Lomax*, 45 F.3d 402, 402 n.4 (11th Cir. 1995) (noting that individuals "cannot be held liable under the ADEA or Title VII") (citations omitted); *Busby v. City of*

*Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("[R]elief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the act.") (emphasis in original).[3]  Thus, to the extent the Amended Complaint asserts claims against Buckner and Bratcher, the claims are due to be dismissed pursuant to Rule 12(b)(6).

### B.    Claims Against DHR

The defendants raise multiple arguments in support of dismissal of the claims against DHR.   As an initial matter, DHR argues that the Eleventh Amendment bars any recovery for monetary damages against it.   Doc. 8 at 16. DHR's argument is unavailing in part because Congress abrogated states' Eleventh Amendment immunity from Title VII suits.   *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *In re Employment Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) ("[W]e have no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the state's Eleventh Amendment immunity when it amended Title VII to cover state and local governments.").   However, DHR is correct that Gilbert cannot recover punitive damages against it.   *See* 42 U.S.C. § 1981a(b) (precluding the recovery of punitive

---

[3] Gilbert's claims against the individual defendants in their official capacities as agents of DHR, if any, are due to be dismissed as redundant of her claims against DHR.   *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) ("Official capacity suits represent [] only another way of pleading an action against an entity of which an officer is an agent.").   *See also Cross v. State of Alabama, State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (finding that a supervisor may be sued in her official capacity because the claim is, in essence, a claim against the employer).

damages from "a government, government agency, or political subdivision"); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Booth v. Pasco Cty., Fla.*, 757 F.3d 1198, 1206 n.12 (11th Cir. 2014). Thus, Gilbert's claims for punitive damages are due to be dismissed.

DHR also challenges the merits of the claims on multiple grounds, which the court addresses below.

### 1. Whether Gilbert alleged a plausible discrimination claims

DHR argues that Gilbert failed to state plausible discrimination claims because she did not allege sufficient facts to state a prima facie case. Doc. 8 at 24. But, "a Title VII [or ADEA] complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case;" rather, all that is required is that the complaint "must provide 'enough factual matter (taken as true) to suggest' intentional [] discrimination." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (citations omitted). Gilbert has made this showing.

First, as to her Title VII race and color discrimination claims, Gilbert alleges that DHR denied her training that it provided to her Caucasian colleagues and subordinates and that DHR "significantly inflated" her work duties in comparison to those of her Caucasian peers. Doc. 11 at 3, 6. *See also* doc. 1-1 at 3. Contrary to DHR's contention otherwise, *see* doc. 8 at 24, at this stage in the case, these

allegations are sufficient to suggest that DHR treated similarly situated employees outside of Gilbert's protected class more favorably. Moreover, construing Gilbert's allegations liberally, they are sufficient to show that Gilbert suffered an adverse employment action if the denial of training opportunities affected her salary or promotion opportunities, or if the change in her work duties interfered with her ability to perform her job. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (recognizing that adverse employment actions include conduct that "alter[s] the employee's compensation . . . , deprive[s] him or her of employment opportunities, or adversely affect[s] his or her status as an employee") (quotation omitted). Thus, because Gilbert is a member of a protected class and her work history suggests she was qualified for her job, *see* doc. 11 at 2, Gilbert has alleged plausible race and color discrimination claims under Title VII.

Second, for the same reasons, Gilbert has also pleaded an adequate claim for age discrimination through her contentions that Bratcher denied her FMLA request and approved requests submitted by younger employees, and that DHR discharged her less than two years before her retirement and replaced her with a younger employee. Doc. 11 at 4-5, 7-9. Viewed in the light most favorable to Gilbert, these allegations are sufficient at this juncture to suggest intentional discrimination based on Gilbert's age. *See Davis*, 516 F.3d at 974.

2.    Whether Gilbert alleged plausible hostile work environment claims

In support of her hostile work environment claims,[4] Gilbert asserts that her supervisors (1) verbally degraded her in front of her Caucasian subordinates, (2) denied her opportunities to attend training they provided to her Caucasian subordinates, (3) instructed her to apply for FMLA leave based on their perception that she had a mental illness, (4) gave her a referral for mental health treatment, (5) denied a subsequent request for FMLA leave, (6) moved her work area to physically isolate her, (7) increased her work load, (8) repeatedly rescheduled an administrative hearing regarding her job performance, and (9) placed multiple notices about the hearing on a conference room door.  Doc. 11 at 3-4, 6-9.  *See also* doc. 1-1 at 3-4.  Viewed in the light most favorable to Gilbert, these allegations are sufficient to suggest that Gilbert's supervisors harassed her based on her race or color, and that the alleged harassment may have risen to the severity level necessary to alter the terms and conditions of Gilbert's employment.  Thus, Gilbert has stated a facially plausible hostile work environment claim under Title VII.

However, these allegations fall short of pleading a plausible hostile work environment claim under the ADEA because Gilbert has not pleaded any fact to

---

[4] To prove her claim, Gilbert must show that she belongs to a protected group, she was subjected to unwelcome harassment based on her membership in the protected group, the harassment was severe or pervasive enough to alter the terms and conditions of her employment, and DHR is responsible for the harassment.  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (quotation omitted).

suggest her supervisors harassed her based on her age. Therefore, that claim is due to be dismissed.

### 3.  Whether Gilbert alleged plausible retaliation claims

Finally, Gilbert alleges that after she filed an EEOC charge and complained internally of a hostile work environment, her supervisors retaliated against her by issuing disciplinary write-ups, delaying her vacation requests, dening her FMLA request, and discharging her. Doc. 11 at 2, 4-5, 7-8. Viewing the allegations in the light most favorable to Gilbert and construing the complaint liberally, as the court must at this stage in the litigation, Gilbert's allegations are sufficient to show she suffered an adverse employment action and that there is a causal connection between the adverse action and her protected conduct. *See, e.g., Litman v. Secretary of the Navy*, 703 Fed. Appx. 766, 770 (11th Cir. 2017) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001) and *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002)) (outlining elements for a prima facie case of retaliation). As a result, Gilbert has alleged plausible retaliation claims under Title VII and the ADEA.

## IV.  CONCLUSION AND ORDER

For all these reasons, Gilbert's motion to amend her complaint, doc.10, is **GRANTED**, and the defendants' motion to dismiss Gilbert's original complaint, doc. 8, is **MOOT**.

The defendants' motion to dismiss Gilbert's amended complaint, doc. 13, is **GRANTED** as to (1) the claims against the Bratcher and Buckner, (2) the claims for punitive damages, and (3) the hostile work environment claim under the ADEA. Gilbert's Title VII and ADEA claims against Bratcher and Buckner and her claims for punitive damages are **DISMISSED WITH PREJUDICE**, and her hostile work environment claim under the ADEA is **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motion to dismiss is **DENIED**.

DHR shall answer the Amended Complaint by **January 2, 2019**. Thereafter, the parties will have three months to conduct discovery and should begin now to take the necessary steps to ensure that they are able to comply with the court's deadlines.

**DONE** the 12th day of December, 2018.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE